IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CANDIDO TORRES | ) | |
|     Plaintiffs | ) | Case No: 14 C 6258 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| MARIO REYES et al | ) | |
|     Defendant | ) | |
| | ) | |

## ORDER

The defendants have filed a motion to dismiss Count III of the plaintiff's complaint. The motion is based on the pleading standard as set forth in *Hishon v. King & Spalding*, 467 U.S. 69 (1984). [Dkt. # 43, at 3]. The problem with this is that the standard set forth in *Hishon* -- the one set forth in *Conley v. Gibson,* 355 U.S. 41 (1957) -- has been "retire[d]" as a "puzzling . . . incomplete, negative gloss on a pleading standard . . . ." for nearly a decade. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 562-63 (2007). Indeed, all of the cases the defendants cite regarding the applicable pleading standard are between 30 and 40 years old, predating the Supreme Court's current take on motions to dismiss by nearly as long.

Now, it may well be that, despite this misstep, the defendants' motion to dismiss is well-taken. But to get to that point would require the court to evaluate the complaint under the current standard on its own, thereby manufacturing argument and analysis on the defendants' behalf. This we cannot do. *See Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013); *DW Data, Inc. v. C. Coakley Relocation Systems, Inc.*, 951 F.Supp.2d 1037 (N.D.Ill. 2013). As such, the defendants' motion to dismiss [Dkt. # 43] is DENIED, without prejudice to the defendants filing a properly researched and supported motion in view of the current pleading standard.


Date: May 1. 2015      s/s    JEFFREY COLE
                                        U.S. Magistrate Judge